UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHIRANG SACHDEVA | Criminal Case No. 20-cr-0073-JJM |

**RESPONSE IN OPPOSITION TO MOTION
FOR COMPASSIONATE RELEASE**

The government objects to Chirag Sachdeva's motion for compassionate release. He fails to set forth an extraordinary or compel reason. Sachdeva claims that he should be released because his mother needs his assistance. But he offers no supporting evidence for his claim, other than his say so, which even taken at face value is insufficient. He admits that there are others in his family to whom his mother could turn but gives no reason for why they are unavailable, other than perhaps inconvenience. Finally, for a serious crime, to which he pleaded guilty, Sachdeva received an appropriately serious sentence. Sachdeva also admitted to facts that demonstrated the seriousness of his offense, which included conduct that targeted elderly people. The motion should be denied.[1]

---

[1]     Under 18 U.S.C. § 3582(c)(1), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Where the statute's exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds both that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden of establishing that he or she is eligible for a sentence reduction. *See, e.g., United States v. Miamen,* Nos. 18-cr-130, -137, & -142, 2020 WL 1904490, at *2 (D.R.I. Apr. 17, 2020).

A reduction in sentence will be consistent with U.S.S.G. § 1B1.13, the "applicable policy statement" referenced in § 3582(c)(1)(A)(i), if, after considering the § 3553(a) factors, the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community;" and that (iii) the reduction is otherwise consistent with the policy statement. U.S.S.G. § 1B1.13 (citing 18 U.S.C. § 3142(g)). See *United States v. Bryant*, __ F.3d __, 2021 WL 1827158 (11th Cir. May 7, 2021) (holding that U.S.S.G. § 1B1.13 binds district courts deciding inmate-filed compassionate release motions).

The government acknowledges that other federal circuit courts of appeals disagree with the government's position about the applicability of U.S.S.G. § 1B1.13. *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388 (5th Cir. Apr. 7, 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020) (per curiam); *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021) (per curiam); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021). As some of these courts have observed, however,

Sachdeva fails to establish that he is eligible for a sentence reduction under Section 3582(c).  Aside from his self-serving assertions, there is no evidence that Sachdeva's mother has any special condition or cannot manage on her own (which she presumably has for some time now) and is in need of assistance.  *See United State v. Marshall*, 2020 WL 114437, *3 (E.D.Ky. Jan. 9, 2020) (denying motion because evidence did not show that ailing parent was "incapacitated, i.e. that he [could not] carry on any self-care" and that movant's assistance was otherwise necessary).  There is no evidence that only Sachdeva can provide the assistance.  Moreover, the Presentence Investigation Report ("PSR") does not suggest any special need for assistance.  *See* PSR ¶ 47-51. And to the contrary, the PSR does indicate that there are others who can assist should a need arise.  Sachdeva has a sister, and Sachdeva, his sister, and his mother lived with the mother's brother for a time.  *See* PSR ¶ 49.  In addition, in his own motion, Sachdeva admits that there are others.  *See* Def.'s Mot. at 1 ("A family of four members.  My mother, my sister, my wife, and me…. My sister is pursuing her graduate education in Canada.")  The Court has before no evidence by which it may be concluded that there is any special need, and even if there were, there is no reason to believe that Sachdeva's mother or other relatives cannot provide the needed aid.

Sachdeva's citation to *United States v. Bucci*, 409 F.Supp.3d 1, 2 (D. Mass. 2019) is unavailing.  There the movant was the only available caregiver, and the Court noted that circumstances would be different were "siblings or other family members" available.  *Id.* at 2; *see also United States v. Henry*, 2020 WL 739149, *4 (E.D.N.Y. June 6, 2020) (denying motion where home health aide was available to movant's parents);

---

U.S.S.G. § 1B1.13 provides useful guidance regardless of whether it is binding.  *See, e.g., Aruda*, 993 F.3d at 802; *Gunn*, 980 F.3d at  1180; *McCoy*, 981 F.3d at 282 n.7; *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021).  "[I]n deciding motions for compassionate release, the Court should be wary of using the motion to 'correct' the sentencing court's original judgment or [to] introduce unprincipled variance into the execution of duly-imposed sentences."  *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020).

*United States v. Moore*, 2020 Wl 7024245, *5 (E.D.Pa. Nov. 30, 2020) ("[O]ther courts denied motions for compassionate release premised on sick or elderly parents in the absence of strong evidence the petitioner is the *sole* individual capable of caring for the parent."). The mere fact that Sachdeva believes that his mother is elderly[2] does not create an extraordinary or compelling reason. *See United States v. Ingram*, 2019 WL 3162305, *2 (S.D.Oh. July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstances are ordinary.")

Finally, the § 3553 factors do not support early release for the reasons set forth at sentencing. Sachdeva engaged in Tech Fraud, and in the process was able to obtain victim bank account information. *See* Dkt. No. 21 at 1 (Government's sentencing memorandum). Sachdeva then sought to take a second pass at some of those victims by using the bank account information to steal more money from them. *See id.* Sachdeva, in hopes of spurring another to assist in the theft, specified the amounts available to be taken from several of the accounts: $8,000 to $10,000, $10,000, $80,000, $350,000, and $150,000. *See id.* at 3. The account holders were all over the age of 65, and Sachdeva knew or suspected that they were all elderly. *See id.* at 4. For scheming to rob from the elderly and re-victimize those who had already fallen prey to prior schemes, Defendant's sentence was and remains reasonable and proper.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorney,
RICHARD B. MYRUS
Acting United States Attorney

/s/ Milind Shah
Milind Shah
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000; Fax (401) 709-5001
milind.shah@usdoj.gov

---

[2] Sachdeva's mother is in her late fifties. *See* PSR ¶ 48.

<u>CERTIFCATE OF SERVICE</u>

On this 15th day of June 2021, I had the above response in opposition electronically filed and mailed by first class mail to the following address, Chirag Sachdeva's present facility:

Chirag Sachdeva
01230-509
FDC Philadelphia
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105

<u>/s/ Milind Shah</u>
Milind Shah
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000; Fax (401) 709-5001
milind.shah@usdoj.gov